Peter R. Afrasiabi (Bar No.193336)
Email: pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiff,
MICHAEL GRECCO PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>PICCLICK, INC., a California corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 3:22-cv-00037-BAS-DEB<br>Hon. Cynthia Bashant<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE** |

## I. NOTICE OF JOINDER

Plaintiff Michael Grecco Productions, Inc. ("Grecco") joins in the entirety of the arguments advanced by Lickerish in opposition and to save space and not waste ink does not restate them here. Instead, Grecco narrowly adds points relevant to only him for the Court's assessment.

## II. GRECCO IS A LICKERISH COMPETITOR AND NOT FRIENDS

The fundamental question in this motion is why the Court should take the extraordinary step of forcibly joining two non-friends as co-plaintiffs when each have 100% distinct IP claims. That defendant has been sued twice for different IP violations—different copyrights, different infringements, different fair use defenses, entirely different transactions—does not make a radical event that requires reordering civil procedure.

### A. There is nothing radical or novel about being sued by 2 companies on different claims

Grecco's right to not be shotgun joined to a competitor should control any interest defendant has in simply consolidating two distinct cases on distinct IP. Companies are sued all the time by different plaintiffs on different IP. There is nothing unusual or magical about PicClick's experience that requires judicial solicitude to tie at the hip two unwilling plaintiffs. Each plaintiff has distinct copyrights and IP at issue; each infringement is different and subjected to its own unique fair use defense. Grecco Decl. ¶ 3-4, 7-9. Each case has distinct statute of limitations defenses, and laches defenses. Each case has district knowledge inquiries as to what PicClick knew about each plaintiff and when—as PicClick has complained, Grecco's prior lawyer reached out some years ago and while PicClick claims laches, Grecco claims that amply put it on knowledge of its infringement and that it should have taken steps at that point; yet this has nothing to do with Lickerish.

//

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE**

**B.   Grecco is a competitor to Lickerish and does not want its case diluted by another plaintiff's case; Grecco has his own unique damages that a jury must assess.**

Grecco and Lickerish are competitors, and not friends. As Grecco makes clear in his declaration, he wants nothing to do with Lickerish and would never voluntarily work with Lickerish in any context, litigation or broader marketing in the photo industry. *See* Decl. of Michael Grecco ¶ 2-3, 9. Grecco and Lickerish have no commonality at all, other than each having their own IP and each happening to have sued the same defendant. No compelling reason is offered to justify this forced marriage of two decided non-friends.

They also have different injuries, even if all sound in copyright. *Id.* ¶ 5-6. The Copyright Act affords different remedies to a plaintiff, a function of actual royalty licensing rates and statutory damages that are fact specific to each case. Greco's business is distinct to Lickerish's, and the infringement damages Grecco distinctly. *See, e.g.*, *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 460-61 (E.D. Mich. 1985) (denying motion to consolidate where plaintiffs were injured in **different** ways by same product made by defendant). Here, Grecco has previously complained to defendant about its infringing activities; it ignored Grecco—Lickerish has no such historical background. That is relevant to Grecco's clam for statutory damages (but not Lickerish) in terms of the deterrence factor within the statutory damages calculus. *See, e.g.,* Ninth Circuit Jury Instr. 17.35 (jury assessment of compensatory and deterrent factors within statutory calculus); *Martin v. City of Indianapolis*, 4 F. Supp. 2d 808, 811 (S.D. Ind. 1998) (in determining the amount of statutory damages, the court may consider, among other things, "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement").

Finally, where reckless behavior is the standard for a willfulness finding, *see, e.g.*, Ninth Circuit Jury Instr. No. 17.37, the jury must assess the defendant's

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE**

behavior as it relates to the plaintiff's infringements and a jury should not be mixing different behaviors for different actors in the same case and thereby making confused willfulness findings.

### C. Grecco's trial rights should not be prejudiced

Grecco has confidential financial information and confidential business information about his contacts in the music and celebrity industry that are part of his case necessarily in terms of his story. *Id.* ¶ 3, 9-10. This material cannot be seen by a competitor. And it will be seen by a jury. Lickerish no doubt is in the same boat. Grecco should not be denied the right to have his own trial of his case and story and be required to go in and out of trial like a fast-food drive through depending upon the witness on the stand so as to protect confidential and AEO markings. Thus, Grecco's right to a trial and be present at it the whole time should not be whittled away. "Although due process prohibits the denial of access to the courts, a prisoner does not have a constitutional right to attend the jury trial of his civil rights claims involving the conditions of his confinement." *Ortiz v. Burnias*, No. 2:09-CV-00396 JWS, 2012 WL 3237161, at *1 (D. Ariz. Aug. 7, 2012) (lawful incarceration and security concerns may justify civil prisoner plaintiff not attending his trial). But extreme circumstances such as lawful incarceration and the cessation of certain attendant civil rights, and court security or prison safety and security are non-existent here.

Further, Grecco has his own damages case which requires assessing value to his works in a statutory damages calculus—that should not be negatively impacted by whatever Lickerish's lower license or market rates are for its photos. Grecco Decl. ¶ 5-6.

Moreover, Grecco's images appeared on multiple defense websites including www.pickclick.co.uk, which websites are not the same Grecco understands as the ones upon which Lickerish images existed. This creates distinct issues as to even where the images were stored and resided. Grecco Decl. ¶ 7. It is also the case that

1   Greco's works each have different fair use defense analyses to whatever happened
2   with Lickerish's works. *Id.* ¶ 7.
3        The question then is why and how when a jury is deciding this case Michael
4   Grecco can be required to leave the courtroom when confidential Lickerish material
5   is discussed; and vice-versa—how each plaintiff consonant with due process can be
6   denied the right to even attend the entirety of their own jury trial. More
7   fundamentally the question is why the Court would choose such a bramble-bush of
8   complexity, all because Lickerish has been sued by 2 distinct plaintiffs on distinct
9   claims. There is no strong countervailing interest in Lickerish, a for-profit business
10  who has been sued by two entities for distinct IP claims, having consolidation.

11       **D.    There is no reason to merge the two cases even if they are related**
12       There is no identical defense that afflicts each case such that the entirety of
13  the cases have to be merged and consolidated. *Even if* there was a single common
14  defense (there is not since the images all reside on different servers of PicClick at
15  different times, from picclick.com to picclick.co.uk to picclickimg.com), that
16  defense that can be defended and asserted in each case and the cases can be heard by
17  the same court to the extent that promotes judicial efficiency of resolution of a given
18  particular issue. But that does not require consolidating for all purposes. Nor does
19  the happenstance of the same copyright law firm being on the plaintiff side in each
20  case justify consolidating the plaintiff's cases, otherwise a party's choice of counsel
21  is unduly interfered with. Grecco Decl. ¶ 12.
22  **III.   THE FIRST SAN DIEGO CASE'S SCHEDULE IS PREJUDICIAL**
23       The case schedule sought by PicClick for Grecco's case is unfair and
24  prejudicial. PicClick seeks less than 3 months for discovery. That prejudices Greco
25  and Grecco cannot adequately prepare his case on such a hyper rocket docket
26  timetable. There is party and third-party discovery and counsel cannot do it all and
27  also provide expert disclosures by May, all of which is a scant few months. *See*
28  Afrasiabi Decl. ¶ 2; Grecco Decl. ¶ 11-12. There is also no reason why such a rocket

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE**

timetable is needed for this copyright case (beyond Defendant's desire to unite both cases on the extant schedule of the first one).

### IV. CONCLUSION

Grecco respectfully requests the consolidation request be denied.

Dated: March 9, 2022    **ONE LLP**

By: */s/ Peter R. Afrasiabi*
Peter Afrasiabi
Joanna Ardalan

*Attorneys for Plaintiff,
Michael Grecco Productions, Inc.*

# CERTIFICATE OF SERVICE

I certify that on March 9, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the CM/ECF participant(s) noted below:

| | |
|---|---|
| Lisel M. Ferguson (SBN 207637)<br>Email: lisel.ferguson@procopio.com<br>Tiffany Salayer (SBN 226189)<br>Email: tiffany.salayer@procopio.com<br>**PROCOPIO, CORY,**<br>**HARGREAVES & SAVITCH LLP**<br>525 B Street, Suite 2200<br>San Diego, CA 92101<br><br>*Attorneys for Defendant*<br>*PicClick, Inc.* | Joanna Ardalan<br>Email: jardalan@onellp.com<br>**ONE LLP**<br>9301 Wilshire Blvd.,<br>Penthouse Suite<br>Beverly Hills, CA 90210<br><br>*Attorney for Plaintiff,*<br>*Michael Grecco Productions, Inc.* |

　　　　　　　　　　　　　　　　　/s/ Peter R. Afrasiabi
　　　　　　　　　　　　　　　　　Peter R. Afrasiabi