Peter R. Afrasiabi (Bar No.193336)
Email: pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiff,
MICHAEL GRECCO PRODUCTIONS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PICCLICK, INC., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:21-cv-0037-BAS-DEB<br>Hon. Cynthia Bashant<br><br>**DECLARATION OF MICHAEL GRECCO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE** |

# DECLARATION OF MICHAEL GRECCO

I, Michael Grecco, declare as follows:

1. I am a professional photographer and studied at Boston University. I have worked for AP as a photojournalist. I have authored multiple art and photography books about my photographic works and the art of celebrity photography, books ranging from the nascent East Cast punk rock age of the 1970s-1980s to books on creative lighting strategies for photographers. I have what is widely regarded as an iconic catalogue of photographic images I have taken of artists, musicians, actors and actresses, celebrities, politicians, and other important cultural icons. I care deeply about my professional reputation and I have carefully guarded my creative works and my professional reputation over the decades and take great care to register my copyrights and protect my works from infringement. My company licenses my photos and protects my copyrights.

2. I object completely to being forced in some sort of "shotgun wedding" event to be joined with Lickerish in any way at all.

3. I do not want to be a plaintiff with Lickerish or have any connection or relationship to them. They are a competitor and we are not friends or business associates at all, and I do not want them to access any of my sales material or information regarding my business contacts. I have never worked with them; nor would I. I have never jointly shot photos with them or even jointly appeared on a photographic set. If Lickerish had come to me and asked me to team up and sue Defendant jointly, I would never have agreed to their request. If Lickerish had come to me and asked me to join them even in some sort of general news and media marketing campaign against infringement in the photographic industry, I would never have done it as I do not want any press about me or my company to also involve or reference Lickerish. In short, I want nothing to do with Lickerish.

4. I have every right to pursue my case against an infringer of my unique works on my terms. I have at least 31 works that were infringed in this case. These are

photos I took of Hollywood film legends from Andy Garcia to Olympia Dukakis to Val Kilmer and Diane Lane to episodic television stars such as Matt LeBlanc (Friends) and Gillian Anderson/David Duchovny (X-Files) to broader socio-political cultural icons such as Maria Shriver.

5. Each photo of mine is unique creatively in terms of the work I did to get the copyrighted work seen in the photo, and each photo has its own unique market value and broader social relevance.

6. My background and the nature of my works and efforts to protect my works all are different to whatever Lickerish has or has not done, and my works command premium monies in my experience and should not be potentially devalued by being lumped into a case with what may be less valuable works or works that license at lower rates; that is, my lost license revenues (as part of my damages case) should not be impacted by Lickerish's fact pattern. For example, my images tend to command higher license rates than almost any other entity in this space, owing to my unique background and work and the non-commoditized nature of my works. I am very concerned about having my works being diminished in value because other's photos in the same case may license for significantly less money.

7. Defendant claims fair use. While I disagree, each of my works and the use taken by Defendant must be analyzed on a work-by-work basis. It is unfair to lump my case into another plaintiff's case as if we are joint plaintiffs when we are not, and subject my creative works to a fair use analysis that also involves some other plaintiff's completely different works. Also, I am aware that my images have reside on at least three different websites of defendant: picclick.com, picclick.co.uk and picclickimg.com.

8. I see all the time that Apple or Microsoft or other large companies are sued on patents or copyrights by various plaintiffs, each asserting different patents or copyrights. Yet I have never heard of all those plaintiffs being forced to join arms just because they each sued a defendant on a different piece of intellectual property.

My works are entirely distinct to Lickerish's works; any fair use analysis of my works is entirely distinct to Lickerish's.

9. At trial, I have the right to tell a jury my story of my works and my infringement; and PicClick of course has the same right to tell its story about its alleged company and alleged non-infringement. But why should my story be diluted with Lickerish's story too so that PicClick has some new trial story about being under assault by multiple agencies allied against it? And why should my trial story be diluted by another plaintiff's story? And as noted above why should Lickerish get to see and hear my private information at trial? Or why should we each be forced to take turns having to leave our own trials when the other's private information is shared to the jury? It creates a mess for the jury and is grossly unfair on me and my right to have (and be able to attend the entirety of) a trial about only my rights.

10. If I had sued PicClick— an infringer—and found some porn company (or other generally disfavored actor) that infringed my works and sued them in the same case, all to help cast aspersions at PicClick by lumping them into the same category as a "bad actor" defendant, they would rightly ask why on earth some random defendant was being sued for different acts of infringement that had nothing to do with them and why they were just lumped into their case. I ask the same question here as to their request to lump some other plaintiff into my case, my story. I want to try my case as one about me and PicClick. I do not believe that it is fair to force me to join another plaintiff or force that other plaintiff to join me, and have us each confront a diluted case.

11. Again, I also do not consent to have any of my discovery rights, whether deposition time with defendant or anything else shared or diluted with another third-party plaintiff, nor do I believe that my discovery period should be hyper truncated just because defendant wants to force me to the schedule in the Lickerish case.

12. The best I can tell the only reason I am even being forced into a situation of having to potentially be a forcibly co-joint plaintiff with Lickerish is because I

happened to retain the same lawyers as Lickerish. I have the right to choose my counsel though and do not understand why my choice of counsel could force me to this attempted shotgun wedding with another corporate entity.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 9th day of March 2022 in Los Angeles, California.

_____
Michael Grecco

# CERTIFICATE OF SERVICE

I certify that on March 9, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the CM/ECF participant(s) noted below:

Lisel M. Ferguson (SBN 207637)
Email: lisel.ferguson@procopio.com
Tiffany Salayer (SBN 226189)
Email: tiffany.salayer@procopio.com
**PROCOPIO, CORY, HARGREAVES & SAVITCH LLP**
525 B Street, Suite 2200
San Diego, CA 92101

*Attorneys for Defendant PicClick, Inc.*

Joanna Ardalan
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.,
Penthouse Suite
Beverly Hills, CA 90210

*Attorney for Plaintiff, Michael Grecco Productions, Inc.*

   /s/ Peter R. Afrasiabi
   Peter R. Afrasiabi

3:22-cv-00037-BAS-DEB
**DECLARATION OF P.AFRASIABI ISO OF OPP TO MOTION TO CONSOLIDATE**